UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TRAVELERS PERSONAL INSURANCE COMPANY, | § § § |
| Plaintiff, | § § |
| v. | §   CIVIL ACTION NO. 4:23-cv-00378 |
| BRADLEY SCHERFF AND WHITNEY STEWART, | § § § § |
| Defendants. | § § |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff Travelers Personal Insurance Company ("Travelers" or "Plaintiff") files this Complaint for Declaratory Judgment and respectfully states:

## I.
## PARTIES

1. Travelers is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Travelers is thus a citizen of the State of Connecticut for diversity jurisdiction purposes.

2. Defendant Bradley Scherff ("Scherff") is an individual who is domiciled and resides in the State of Texas. Scherff is thus a citizen of the State of Texas for diversity jurisdiction purposes. Scherff may be served with process at 5405 Miramar Lane, Colleyville, Texas 75034.

3. Defendant Whitney Stewart ("Stewart") is an individual who is domiciled and resides in the State of Texas. Stewart is thus a citizen of the State of Texas for diversity jurisdiction purposes. Stewart may be served with process at 5405 Miramar Lane, Colleyville, Texas 75034.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the counterclaim occurred in this District, and the Property that is the subject of this action is situated in this District.

## III.
## FACTUAL BACKGROUND

6. Travelers issued commercial property insurance policy number 607791881-633-1, with effective dates of coverage from October 23, 2021 through October 23, 2022 ("Policy"). The Policy – which identified Scherff and Stewart as Named Insureds – insured certain property located at 5405 Miramar Lane, Colleyville, Texas 75034 ("Property"), subject to the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy. (*See generally* Exhibit A [Travelers Policy] at APPX. 1-76.)

7. On or about June 13, 2022, more than two months after the reported date of loss, Defendants made a claim for coverage under the Policy for physical damage allegedly sustained by the Property's roof and other components of the Property as the result of a storm event reportedly occurring on or about April 4, 2022 ("Claim"). Travelers assigned the claim number IUH9829 to the Claim, and it promptly commenced its investigation and evaluation of the physical damage made the basis of the Claim, ultimately measuring the replacement cost value ("RCV") of Defendants' covered property damage at $21,280.08.

8. Based on this RCV measure, Travelers issued payment(s) to Defendants in the net

amount of $9,979.21. Consistent with applicable Policy terms and conditions, these payment(s) represented the undisputed actual cash value ("ACV") of the Claim ($20,569.21), less the Policy's $10,590.00 deductible.

9. In the event of disagreement regarding the amount of a claimed loss, the Policy includes an appraisal clause, which states:

\* \* \* \*

> 7. **Appraisal.** *If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.*
>
> *Each party will:*
>
> **a.** *Pay its own appraiser; and*
>
> **b.** *Bear the other expenses of the appraisal and umpire equally.*

\* \* \* \*

(Exhibit A [Travelers Policy] at APPX. 32.)

10. Apparently dissatisfied with Travelers' measurement of the Claim, Defendants invoked the Policy's loss appraisal process and identified Tim Haney of Haney & Associates as its designated appraiser. In a letter dated January 6, 2023, Travelers: (a) acknowledged Defendants' invocation of the Policy's loss appraisal process; (b) reserved certain rights and defenses relating to the appraisal of Defendants' claimed loss; and (c) identified Chris Van Rees

of Engle Martin & Associates, LLC ("EMA") as its designated appraiser. (*See generally* <u>Exhibit B</u> [Travelers' Letter (01.06.23)] at APPX. 77-78.)

11. Three days later, on January 9, 2023, Travelers' designated appraiser (Mr. Van Rees) sent a letter via email to Defendants' designated appraiser (Mr. Haney). (*See generally* <u>Exhibit C</u> [Van Rees Letter (01.09.23)] at APPX. 80-83.) The letter advised Mr. Haney of Mr. Van Rees' appointment as Travelers' designated appraiser for Defendants' claimed loss, requested an opportunity to inspect the Property, and asked Mr. Haney to forward any estimates or supporting documentation relating to Defendants' claimed property damage for Mr. Van Rees' review in advance of the requested inspection of the Property. (*See id.* at APPX. 82-83.) And, in the event of impasse between the appraisers on the amount of any components of Defendants' claimed loss, Mr. Van Rees' letter: (a) set forth a list of ten proposed umpire candidates for Mr. Haney's consideration; and (b) requested that Mr. Haney advise Mr. Van Rees "if [he was] agreeable to any of the [listed] candidates." (*Id.* at APPX. 81-82.)

12. Mr. Haney did not respond to Mr. Van Rees' letter dated January 9, 2023. He never offered any comment on the ten umpire candidates proposed by Mr. Van Rees' letter, nor did he provide Mr. Van Rees with a list of any proposed umpire candidates of his own. Instead, fifteen days later, Defendants – acting by and through legal counsel – petitioned Hon. Don Pierson of Tarrant County Court at Law No. 1 on an *ex parte* basis for the appointment of an umpire to oversee the appraisal process. More specifically, in a letter dated January 24, 2023, which (as stated in the letter) was submitted to Judge Pierson at the express request of Mr. Haney, Defendants proposed three purportedly competent and disinterested candidates for Judge Pierson's consideration in making the requested umpire appointment. (*See* <u>Exhibit D</u> [Lively Letter] at APPX. 84-86).

13. In seeking Judge Pierson's assistance, Defendants' letter – which was submitted without notice to Travelers or Mr. Van Rees – expressly stated:

> Travelers received my clients' request to invoke the appraisal process and appointed Chris Van Rees as its appraiser. Subsequently, *<u>Mr. [Van] Rees and Mr. Haney each proposed umpires. After going back and forth, the two appraisers could not agree on an umpire within fifteen days.</u>*
>
> *<u>Because the two appraisers did not timely reach an agreement as to the selection of an umpire</u>*, Bradley Scherff and Whitney Stewart are provided the right under the Policy to request that the choice of an umpire be made by a judge of a court of record in the state where the "residence premises" is located. Accordingly, *<u>since all conditions precedent have been met, occurred, or been waived</u>*, on behalf of Bradley Scherff and Whitney Stewart, we ask that you appoint an umpire so that the appraisal process can move forward.

(<u>Exhibit D</u> [Lively Letter] at APPX. 85 (emphasis added).)

14. These statements – all of which concerned Defendants' purported compliance with the terms of the Policy's appraisal clause and, by extension, Defendants' alleged satisfaction of the conditions precedent to Judge Pierson's authority to appoint an umpire – were patently false. Despite Defendants' material misrepresentations to the contrary, Mr. Haney never provided Mr. Van Rees with a list of proposed umpires, and the two appraisers never "[went] back and forth" regarding umpire candidates. Indeed, as set forth above, Mr. Haney did not respond in any way to Mr. Van Rees' request for comment on the ten umpire candidates proposed in Mr. Van Rees' letter dated January 9, 2023.

15. Two days later, on January 26, 2023, Judge Pierson appointed Maxwell Judge – one of the three umpire candidates proposed in Defendants' letter dated January 24, 2023 – as umpire. (*See* <u>Exhibit D</u> [Lively Letter] at APPX. 86.)

16. Travelers was not advised that Defendants had sought, let alone obtained, the judicial appointment of an umpire until March 15, 2023, when Mr. Haney advised a

4880-6121-6350v1

representative of Engle Martin & Associates, LLC (Mr. Van Rees' employer) that Defendants "went to the courts to have [an umpire] appointed."

## IV.
## REQUEST FOR DECLARATORY RELIEF

17. Travelers repeats and realleges the allegations contained in paragraphs 1 through 16 above, as if fully set forth herein.

18. Defendants have made a Claim for coverage under the Policy and requested that Travelers make payment for same, as appropriate, in accordance with the terms and conditions set forth in the Policy.

19. Travelers promptly investigated, evaluated, and adjusted Defendants' claim for coverage, ultimately issuing ACV payment(s) totaling $9,979.21 to Defendants in connection with the Claim.

20. Defendants dispute Travelers' measure of their claimed loss; however, despite invoking the Policy's appraisal process, Defendants have failed to comply with the Policy's terms and conditions regarding appraisal, including (without limitation) the Policy's provisions concerning the selection of an umpire. Accordingly, an actual, substantial, and justiciable controversy exists among the parties concerning their legal rights, duties, and relationships with respect to the Policy – specifically, the Policy's appraisal provision.

21. The Policy's appraisal provision requires the parties' designated appraisers to attempt to agree on an umpire. Indeed, under the plain language of the Policy, a party is authorized to seek court assistance in appointing an umpire _only_ if the appraisers have conferred and cannot reach agreement on an umpire within 15 days. (_See_ Exhibit A [Travelers Policy] at APPX. 32.)

22. Despite this clear condition precedent to seeking a court's assistance with the

appointment of an umpire, as set forth above, Defendants' designated appraiser (Mr. Haney) made no effort whatsoever to reach agreement with Travelers' designated appraiser (Mr. Van Rees) on an umpire before Defendants sought and obtained an *ex parte* state court appointment of Mr. Judge as umpire. In so doing, Defendants failed to comply with the unambiguous language of the Policy's appraisal clause.

23. As a result, the state court's January 26, 2023 *ex parte* appointment of Mr. Judge as umpire was unauthorized, was not in compliance with the terms of the Policy's appraisal provision, and must be vacated and set aside. *See, e.g.*, *Friedrichs v. Geovera Specialty Ins. Co.*, No. 7:12-CV-392, 2013 WL 674021, at *6 (S.D. Tex. Feb. 22, 2013) (holding that state court was without authority to appoint umpire where insured made its motion requesting appointment before the 15-day period required under the policy terms expired, and ordering that state court's umpire appointment and the umpire's ensuing appraisal award be vacated and set aside because the umpire was "derivatively without authority to set the award").

24. Further, because the state court's January 26, 2023 *ex parte* appointment of Mr. Judge was improper and without authority, all ensuing activity relating to the appraisal of Defendants' claimed loss, including the issuance of any appraisal award by Mr. Judge, is (and will be) a nullity. *See Friedrichs*, 2013 WL 674021 at *6; *see also GuideOne Mut. Ins. Co. v. First United Methodist Church of Hereford*, No. 2:18-CV-140-Z-BR, 2020 WL 3485620, at *9 (N.D. Tex. Apr. 1, 2020), *reconsideration denied*, No. 2:18-CV-140-Z-BR, 2020 WL 3485623 (N.D. Tex. Apr. 29, 2020), *and appeal dismissed sub nom.*, No. 20-10528, 2021 WL 688437 (5th Cir. Feb. 22, 2021) (setting aside appraisal award in its entirety as void where the appraisal award issued did not substantially comply with the policy terms); *GuideOne Mut. Ins. Co. v. First Baptist Church of Brownfield*, No. 5:19-CV-086-H, 2020 WL 6268477, at *10 (N.D. Tex.

Oct. 20, 2020) (same).

25. The state court's January 26, 2023 *ex parte* appointment of Mr. Judge as umpire was also improper because Mr. Judge lacks the impartiality to serve as umpire. More than 100 years ago, the Texas Supreme Court recognized that the cornerstone of the appraisal process is the impartiality of the appraisal panel. *See Del. Underwriters v. Brock*, 211 S.W. 779, 780-81 (Tex. 1919) (emphasis added). Since that time, Texas courts have consistently adhered to the fundamental premise that the appraisal panel "constitute[s] a quasi-court, and should be free from partiality and bias in favor of either party." *Penn. Fire Ins. Co. v. W.T. Waggoner Estate*, 39 S.W.2d 593, 594 (Tex. Comm'n App. 1931); *see also Hennessey v. Vanguard Ins. Co.*, 895 S.W.2d 794, 798 (Tex. App.—Amarillo 1995, writ denied) (recognizing that an appraisal award rendered by a biased or impartial appraiser is one that is not made in substantial compliance with the terms of the policy).

26. Despite the well-settled and indisputable principle that all members of an appraisal panel shall be free from partiality and bias, the umpire candidate proposed by Defendants (and ultimately appointed by Judge Pierson) is neither impartial nor unbiased. Indeed, at least one federal court applying Texas law has precluded Mr. Judge from participating in the appraisal of a claimed storm-damage loss on the basis that his demonstrated bias towards insurance companies prevented him for serving in an impartial manner. *See Ford v. Great Am. Assur. Co.*, No. W-15-CV-088, 2015 WL 11004910, at *1-*2 (W.D. Tex. Jul. 14, 2015). Because Mr. Judge has a documented history of partiality, his bias against insurance companies disqualifies him from acting as an umpire for the appraisal of this Claim, and any appraisal award that may be rendered bearing Mr. Judge's signature would not be binding, thus defeating the purpose of the appraisal process.

27. Given the foregoing, an actual, substantial, and justiciable controversy exists among the parties concerning their legal rights, duties, and relationships with respect to the Policy – specifically, the Policy's appraisal provision. This Court should protect the integrity of the appraisal process, enforce the plain language of the Policy's appraisal provision as written, and issue a declaration(s) that Defendants have failed to comply with the Policy's appraisal provision and, to the extent the appraisal process moves forward, Defendants must participate in the appraisal process in strict compliance with the terms and conditions outlined in the Policy. More specifically, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201(a), Travelers is entitled to (and respectfully requests that this Court enter) a declaratory judgment that:

    a. Defendants' January 24, 3023 *ex parte* request to the Texas state court for the appointment of an umpire did not comply with the Policy's appraisal clause, because Defendants failed to satisfy all conditions precedent to seeking the state court's intervention in the appraisal process, including (without limitation) the Policy's requirement that the parties' designated appraisers attempt to agree on an umpire for a period of at least fifteen days before either party petitions a court of record in the state where the "residence premises" is located for assistance;

    b. Given Defendants' failure to comply with the Policy, including (without limitation) Defendants' failure to satisfy all conditions precedent to seeking the state court's assistance in appointing an umpire, the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was made without authority;

    c. Because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was made without authority, the *ex parte* appointment should

be vacated and set aside;

  d. Because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was made without authority, Mr. Judge lacks the derivative authority to issue an appraisal award in connection with the appraisal of Defendants' Claim;

  e. Because Maxwell Judge lacks the derivative authority to issue an appraisal award in connection with the appraisal of Defendants' Claim, any award Mr. Judge issues (or signs) in connection with the appraisal of Defendants' Claim is (or will be) a nullity;

  f. The state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as umpire was improper because Mr. Judge lacks the impartiality required to serve as umpire in connection with the appraisal of Defendants' Claim;

  g. Because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was improper (in light of Mr. Judge's inability to act in an impartial manner), the *ex parte* appointment should be vacated and set aside.

  h. Because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was improper (in light of Mr. Judge's inability to act in an impartial manner), any award Mr. Judge issues (or signs) in connection with the appraisal of Defendants' Claim is (or will be) a nullity.

28. As set forth in greater detail below, Travelers makes this request for declaratory relief subject to and without waiver of all rights and defenses that Travelers may have (or that may arise) under the Policy and/or applicable law, including (without limitation) Travelers' right to jointly seek (in conjunction with Defendants) the appointment of a competent and impartial umpire by this Court in the event the parties' designated appraisers confer regarding potential

umpire candidates (as required by the Policy), but are unable to reach agreement on an umpire after fifteen days.

## V.
## ATTORNEYS' FEES

29. Travelers engaged the undersigned attorneys to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal. Plaintiff is entitled to recover the reasonable and necessary attorneys' fees incurred in this matter pursuant to Texas Civil Practice & Remedies Code §§ 38.001-38.003.

## VI.
## RESERVATION OF RIGHTS

30. By filing this Complaint for Declaratory Judgment and requesting the declaratory relief sought herein, Travelers does not waive, and expressly reserves, all rights and defenses that Travelers may have (or that may arise) under the Policy and/or applicable law, including (without limitation) all rights and defenses that Travelers may have (or that may arise) under the Policy's appraisal clause and/or the Policy's provision(s) concerning Concealment or Fraud. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Travelers may have (or that may arise) under the Policy and/or applicable law, including (without limitation) all rights and defenses that Travelers may have (or that may arise) under the Policy's appraisal clause and/or the Policy's provision(s) concerning Concealment or Fraud.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, pursuant to 28 U.S.C. §§ 2201 and 2202, Travelers respectfully prays for judgment in its favor as follows:

    a.    a declaration that Defendants' January 24, 3023 *ex parte* request to the

Texas state court for the appointment of an umpire did not comply with the Policy's appraisal clause, because Defendants failed to satisfy all conditions precedent to seeking the state court's intervention in the appraisal process, including (without limitation) the Policy's requirement that the parties' designated appraisers attempt to agree on an umpire for a period of at least fifteen days before either party petitions a court of record in the state where the "residence premises" is located for assistance;

  b. a declaration that, given Defendants' failure to comply with the Policy, including (without limitation) Defendants' failure to satisfy all conditions precedent to seeking the state court's assistance in appointing an umpire, the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was made without authority;

  c. a declaration that, because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was made without authority, the *ex parte* appointment should be vacated and set aside;

  d. a declaration that, because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was made without authority, Mr. Judge lacks the derivative authority to issue an appraisal award in connection with the appraisal of Defendants' Claim;

  e. a declaration that, because Maxwell Judge lacks the derivative authority to issue an appraisal award in connection with the appraisal of Defendants' Claim, any award Mr. Judge issues (or signs) in connection with the appraisal of Defendants' Claim is (or will be) a nullity;

  f. a declaration that the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as umpire was improper because Mr. Judge lacks the impartiality

required to serve as umpire in connection with the appraisal of Defendants' Claim;

      g.    a declaration that, because the state court's January 26, 2023 *ex parte* appointment of appointing Maxwell Judge as appraiser was improper (in light of Mr. Judge's inability to act in an impartial manner), the *ex parte* appointment should be vacated and set aside; and

      h.    a declaration that, because the state court's January 26, 2023 *ex parte* appointment of Maxwell Judge as appraiser was improper (in light of Mr. Judge's inability to act in an impartial manner), any award Mr. Judge issues (or signs) in connection with the appraisal of Defendants' Claim is (or will be) a nullity.

Travelers further prays that, upon final judgment, all costs be taxed against Defendants, Travelers be awarded all reasonable and necessary attorneys' fees incurred in prosecuting this action, and Travelers be granted such other and further relief, whether at law or in equity, that this Court deems just and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:  */s/ James W. Holbrook, III*
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zellelaw.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR PLAINTIFF**